# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **TAVERN DOWNING, SR.,** *et al.*, *Plaintiffs*, v. **ANITA HOWARD,** *et al.*, *Defendants*. | **CIVIL ACTION NO.** **5:25-cv-00277-TES** |

### ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

Plaintiff Tavern Downing, Sr., and nine other plaintiffs signed a Complaint [Doc. 1] against the Bibb County District Attorney, Anita Howard; Tony May; Paige Miller; Vanessa Flournoy; Robert Collins, III; Deborah Stratham; and John Doe. [Doc. 1, p. 2]. Arguing that the Court does not have subject-matter jurisdiction over the claim asserted in the Complaint and that the Complaint fails to state a claim upon which relief can be granted, Defendants Howard, May, and Flournoy (hereinafter "Movant Defendants'") filed a Motion to Dismiss [Doc. 4] pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).[1] [Doc. 4, p. 1].

Before wading into the "specifics" of the Complaint, the Court briefly pauses to note that Plaintiff Downing, Sr., is the only plaintiff who has standing in this case

---

[1] Defendants Miller, Collins, Stratham, and Doe have not been served as of the date of this Order.

because he is the only one who asserts a claim. Each of the six counts in the Complaint allege an act committed "against Tavern Downing, [Sr.]"—no one else. [Doc. 1, p. 2]. The other nine plaintiffs do not assert any particularized injury that affects them "in a personal and individual way." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016). They appear to have signed the Complaint only to assist or support Plaintiff in making his claim against the defendants. [Doc. 4-1, p. 2]. However, "[i]ndividual parties in federal court 'may plead and conduct their own cases personally or by counsel.'" *Class v. U.S. Bank Nat'l Ass'n*, 734 F. App'x 634, 636 (11th Cir. 2018) (quoting 28 U.S.C. § 1654). "The right to appear pro se, however, is limited to parties conducting 'their own cases,' and does not extend to non-attorney parties representing the interests of others." *FuQua v. Massey*, 615 F. App'x 611, 612 (11th Cir. 2015) (quoting *Devine v. Indian River Cnty. Sch. Bd.*, 121 F.3d 576, 581 (11th Cir. 1997), *overruled in part on other grounds by Winkelman ex rel. Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516, 535 (2007)). Since the nine other plaintiffs are not attorneys, they cannot represent or assist Plaintiff in this case. The Court, therefore, **DISMISSES** any "claim" that the other nine plaintiffs may have attempted to assert on Plaintiff's behalf, and the Court **DIRECTS** the Clerk of Court to **TERMINATE** them as parties to this action.

## FACTUAL BACKGROUND

In the Complaint, Plaintiff makes the following allegations which the Court accepts as true for the purpose of ruling on the Movant Defendants' motion. *Ashcroft v.*

2

*Iqbal*, 556 U.S. 662, 678–79 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 572 (2007).

On February 15, 2019, Plaintiff was arrested on various drug and firearm charges. [Doc. 1, p. 1]. During that arrest, all of his digital and computer assets were seized. On October 23, 2023, all charges were dropped against Plaintiff, and the criminal case against him was dismissed. [*Id.*]; [Doc. 4-1, p. 1]. When Plaintiff tried to retrieve his property, he first contacted the sheriff's office and spoke with Defendant Stratham who told him he needed to contact the district attorney's office. [Doc. 1, p. 1]. The next day, Plaintiff called the district attorney's office and spoke with Defendant May who told him that the district attorney's office "did not have his property and that he needed to contact the [s]heriff's [o]ffice to get his property." [*Id.*]. After calling the sheriff's office (again) and reiterating the conversation he had with Defendant May, Defendant Stratham told Plaintiff that "[Defendant] John Doe from the [district attorney's] office signed the property out in January 2023." [*Id.*].

Plaintiff alleges that the defendants continue to conceal "the identity of [Defendant] John Doe"—the person "who is the primary suspect in taking" his "property without cause or authorization." [*Id.*]. The property in question: bitcoin. [*Id.*]. After his alleged run-around by the sheriff's and district attorney's offices, Plaintiff claims that "someone from the [district attorney's] office sneakily returned" some of his property. [*Id.*]. Although Plaintiff retrieved his seized property from the district attorney's office, not included in that property return was 600 bitcoins that were

supposedly once stored on Plaintiff's computer. [*Id.*]; [Doc. 4-1, p. 1]. According to Plaintiff, Defendant May "blamed the federal government," and even "went so far as to say that the property was probably a part of a forfeiture civil [*sic*] seizure." [Doc. 1, p. 1]. At the end of the back-and-forth between the sheriff's and district attorney's offices, Plaintiff claims that as of November 3, 2023, it was clear, to him, that his 600 bitcoins "were taken without his consent." [*Id.*]. In Plaintiff's eyes, all of this not only amounts to theft by conversion in violation of Georgia law but also to a violation of his rights secured by the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution. [*Id.*].

## LEGAL STANDARDS

### A. Federal Rule of Civil Procedural 12(b)(1)

Under Rule 12(b)(1), a party may move to dismiss a complaint for lack of subject-matter jurisdiction. "If [a] court determines at any time that it lacks subject-matter jurisdiction, [it] must dismiss the action." Fed. R. Civ. P. 12(h)(3). Attacks on subject-matter jurisdiction come in two forms: (1) facial attacks and (2) factual attacks. *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990) (citing *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980)).

"A motion to dismiss asserting the defense of Eleventh Amendment immunity presents a challenge to the [C]ourt's [subject-matter] jurisdiction." *Baker v. Univ. Med. Serv. Ass'n*, No. 8:16-CV-2978-T-30MAP, 2016 WL 7385811, at *1 (M.D. Fla. Dec. 21,

4

2016); *see also Thomas v. U.S. Postal Serv.*, 364 F. App'x 600, 601 n.3 (11th Cir. 2010) ("[A] dismissal on [Eleventh Amendment] immunity grounds should be pursuant to Rule 12(b)(1) because no subject-matter jurisdiction exists.") (citing *Bennett v. United States*, 102 F.3d 486, 488 n.1 (11th Cir. 1996)); *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) ("The only immunities that can be claimed in an official-capacity action are forms of sovereign immunity that the entity . . . may possess, such as the Eleventh Amendment.").

### B.     Federal Rule of Civil Procedure 12(b)(6)

When ruling on a motion under Rule 12(b)(6), it is a cardinal rule that district courts must accept the factual allegations set forth in a complaint as true. *Twombly*, 550 U.S. at 572. In accepting the factual allegations as true, courts are to construe the reasonable inferences from them in the light most favorable to a plaintiff. *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998).

Under Rule 12(b)(6), though, a defendant may "test the facial sufficiency" of a complaint by way of a motion to dismiss. *Ghee v. Comcast Cable Commc'ns, LLC*, No. 22-12867, 2023 WL 3813503, at *2 (11th Cir. June 5, 2023) (quoting *Brooks v. Blue Cross & Blue Shield*, 116 F.3d 1364, 1368 (11th Cir. 1997)). Such a "motion is an 'assertion by a defendant that, even if the facts alleged by a plaintiff are true, the complaint still fails as a matter of law to state a claim upon which relief may be granted.'" *Barreth v. Reyes 1, Inc.*, No. 5:19-cv-00320-TES, 2020 WL 4370137, at *2 (M.D. Ga. July 29, 2020) (citation omitted). A complaint, however, will survive this type of motion if the complaint

alleges sufficient factual matter (accepted as true) that states a claim for relief that is plausible on its face. *McCullough v. Finley*, 907 F.3d 1324, 1333 (11th Cir. 2018) (citing *Ashcroft*, 556 U.S. at 678–79).

Now, whether a complaint states a claim that is plausible on its face is measured by reference to the pleading standard of Federal Rule of Civil Procedure 8—a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Barreth*, 2020 WL 4370137, at *2 (citation omitted). Rule 8 doesn't require detailed factual allegations, but it does require "more than unadorned, the-defendant-unlawfully-harmed-me accusations." *McCullough*, 907 F.3d at 1333 (citation omitted) (alterations adopted). Its sole purpose is to provide a defendant "with 'fair notice' of the claims and the 'grounds' for entitlement to relief." *Barreth*, 2020 WL 4370137, at *2 (citation omitted); *Twombly*, 550 U.S. at 555–56.

To decide whether a complaint survives a motion to dismiss, courts use a two-step framework. *McCullough*, 907 F.3d at 1333 (citation omitted). The first step is to identify the allegations that are "no more than conclusions." *Id.* (quoting *Iqbal*, 556 U.S. at 679). "Conclusory allegations are not entitled to the assumption of truth." *Id.* After disregarding the conclusory allegations, the second step is to "assume any remaining factual allegations are true and determine whether those factual allegations 'plausibly give rise to an entitlement to relief.'" *Id.* "A court decides whether [Rule 8's pleading standard] is met by separating the legal conclusions from the factual allegations,

assuming the truth of only the factual allegations, and then determining whether those allegations allow [it] to reasonably infer that [a] plaintiff [may be] entitled to the legal remedy sought." *Barreth*, 2020 WL 4370137, at *2 (citation omitted).

When drafting a complaint, "[a] plaintiff must plead more than labels and conclusions or a formulaic recitation of the elements of a cause of action." *McCullough*, 907 F.3d at 1333 (quoting *Twombly*, 550 U.S. at 555). A plaintiff may use legal conclusions to structure a complaint, but they "must be supported by factual allegations." *McCullough*, 907 F.3d at 1333 (quoting *Iqbal*, 556 U.S. at 679). While courts, in ruling on a motion to dismiss, must take all of the factual allegations in a complaint as true, they are not bound to accept a legal conclusion couched as a factual allegation. *Iqbal*, 556 U.S. at 678. Courts must "identify conclusory allegations and then discard them—not 'on the ground that they are unrealistic or nonsensical' but because their conclusory nature 'disentitles them to the presumption of truth.'" *McCullough*, 907 F.3d at 1333 (quoting *Iqbal*, 556 U.S. at 681).

The issue to be decided when considering a motion to dismiss "is necessarily a limited one." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) *overruled on other grounds by Davis v. Scheuer*, 468 U.S. 183 (1984). The issue is not whether the claimant will ultimately prevail, but "whether the claimant is entitled to offer evidence to support the claims." *Id.* The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "merely create[ ] a suspicion of a legally

cognizable right of action." *Twombly*, 550 U.S. at 555. Finally, and in this case, critically, a complaint that tenders "'naked assertions' devoid of 'further factual enhancement'" will not survive against a motion to dismiss. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (cleaned up). To survive, a complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Twombly*, 550 U.S. at 556.

## DISCUSSION

The Movant Defendants sought dismissal on August 19, 2025, arguing (1) that the Court lacks subject-matter jurisdiction over Plaintiff's state law tort claims, (2) that they are entitled to Eleventh Amendment immunity and sovereign immunity, (3) that they are entitled to prosecutorial immunity, and (4) that Plaintiff fails to state a claim upon which relief can be granted. [Doc. 4, p. 3]; [Doc. 4-1, pp. 2–5, 7–8]. Rather than file a singular brief opposing dismissal, Plaintiff filed four separate briefs on September 8, 2025: a response brief centered around the Movant Defendants' assertion of sovereign immunity, *see* [Doc. 5], two response briefs addressing their prosecutorial-immunity defense, *see* [Doc. 5-1] and [Doc. 7], and a response brief aimed at overcoming their failure-to-state-a-claim arguments, *see* [Doc. 6].[2] The Movant Defendants chose to forego filing a reply brief. *See* [Doc. 12, pp. 1–2].

---

[2] The Court notes that Plaintiff provided duplicate submissions to the Clerk of Court for filing. *Compare* [Doc. 5-1], *with* [Doc. 5-2]. The only differences between these two filings are minor spacing adjustments and the recipient on the Certificates of Service. *Compare* [Doc. 5-1, p. 5], *with* [Doc. 5-2, p. 6].

8

None of Plaintiff's arguments from his response briefs discuss the immunity provided to the Movant Defendants via the Eleventh Amendment. *See, e.g.,* [Doc. 5]; [Doc. 5-1]; [Doc. 5-2]; [Doc. 6]; [Doc. 7]. Plaintiff does, however, make specific arguments against the Movant Defendants' assertion of what is known as "state sovereign immunity" under the Georgia Constitution. Ga. Const. Art. I, § II, ¶ IX(f) ("No waiver of sovereign immunity under this Paragraph shall be construed as a waiver of any immunity provided to the state or its departments, agencies, officers, or employees by the United States Constitution."); *see also* [Doc. 4-1, p. 3]; [Doc. 5]. The Court, however, need not consider the Movant Defendants' assertion of state sovereign immunity or Plaintiff's rebuttal to that assertion given its discussion, *infra*, on the implications of the Eleventh Amendment.[3]

### A.   <u>Subject-Matter Jurisdiction</u>

Via their dismissal motion, the Movant Defendants contend that the Court lacks subject-matter jurisdiction because Plaintiff asserts only state law claims for theft by conversion pursuant to O.C.G.A. §§ 16-8-4 and 51-10-1. [Doc. 4-1, p. 2]. The Court, however, doesn't necessarily agree. Although the Movant Defendants correctly point out that all six counts of the Complaint allege that the defendants "committed the act of theft by conversion," they forget that courts in the Eleventh Circuit are required to

---

[3] Similarly, the Court does not pass on the question of prosecutorial immunity. *See* [Doc. 4-1, p. 8]; [Doc. 5-1 (Plaintiff's arguments against prosecutorial immunity)]; [Doc. 5-2 (duplicative of [Doc. 5-1])]; [Doc. 7 (Plaintiff's additional arguments against prosecutorial immunity)].

liberally construe pleadings that are drafted by pro se litigants. *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003); *see, e.g.*, [Doc. 1, p. 2]. Now, whether that "liberal construction" stretches so far as to permit pro se litigants—as Plaintiff has done here—to simply mention amendments, phrases, or buzzwords under the United States Constitution to state a federal cause of action, the Court thinks that much leniency cuts against what Rule 8 requires.

So, notwithstanding the fact that Plaintiff chose to phrase his Complaint as seeking relief under state law, the Court will also review his allegations as seeking relief under the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution as well. *See* [Doc. 1, p. 1]. The exclusive means for bringing a suit for damages in federal court for a constitutional violation is pursuant to 42 U.S.C. § 1983. Such claims, though, must be pressed against a state actor. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). To employ § 1983 as a remedy for a deprivation of constitutional rights, a litigant must show that the alleged deprivation was committed by a person acting under the color of state law—that is, by a state actor. *Id.* "On the merits, to establish personal liability in a § 1983 action, it is enough to show that the official, acting under color of state law, caused the deprivation of a federal right." *Kentucky*, 473 U.S. at 166.

Here, the Movant Defendants are obviously state actors considering Plaintiff's allegations about their respective roles "on his [criminal] case" as either the district attorney or as members of the district attorney's office, but his Complaint is silent as to

the relief he seeks. [Doc. 1, p. 1 (Plaintiff's allegation that the Movant Defendants "were on his case")]; [Doc. 4-1, p. 1 (the Movant Defendants' note that "Plaintiff does not specify what relief he seeks")]; *see also Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101–02 (1984). This silence presents an obvious ambiguity about whether Plaintiff sues the defendants in both their individual and official capacities. *See Hafer v. Melo*, 502 U.S. 21, 24 n.\* (1991); *see also Twombly*, 550 U.S. at 555–56. Since Plaintiff chose not seek leave to amend his operative pleading—even after reading the Movant Defendants' note that he failed to "specify what relief he seeks" against them—the Court concludes that the "course of proceedings" in this case takes an official-capacity tract based on the nature and substance of the arguments presented. *Jackson v. Ga. Dep't of Transp.*, 16 F.3d 1573, 1575 (11th Cir. 1994) ("When it is not clear in which capacity the defendants are sued, the course of proceedings typically indicates the nature of the liability sought to be imposed."); [Doc. 4-1, p. 1].

However, the Eleventh Amendment bars Plaintiff's § 1983 claims against them in their official capacity for either money damages or injunctive relief. *Kentucky*, 473 U.S. at 169; *Stevens v. Gay*, 864 F.2d 113, 115 (11th Cir. 1989) ("This Eleventh Amendment bar applies regardless of whether [a] plaintiff seeks money damages or prospective injunctive relief."). The Eleventh Amendment to the United States Constitution "is an explicit limitation on the judicial power of the United States" and bars suit in federal court against an 'arm of the state,' except where such immunity is waived by the state

or abrogated by Congress. *Pennhurst State Sch. & Hosp.*, 465 U.S. at 119 (quoting *Missouri v. Fiske*, 290 U.S. 18, 25 (1933)); *Rylee v. Chapman*, 316 F. App'x 901, 905 (11th Cir. 2009) (quoting *Manders v. Lee*, 338 F.3d 1304, 1308 (11th Cir. 2003)). As to abrogation, the Supreme Court has long-since held that "§ 1983 does not . . . abrogate the Eleventh Amendment immunity of the States." *Quern v. Jordan*, 440 U.S. 332, 345 (1979); *see also Edelman v. Jordan*, 415 U.S. 651, 662–63 (1974). Therefore, Plaintiff's § 1983 claims are barred by the Eleventh Amendment.[4]

Finally, the Movant Defendants are correct in that the "only mention of federal law or constitutional rights, and the only possible basis for this Court's subject[-]matter jurisdiction" under 28 U.S.C. § 1331, is Plaintiff's passing reference to the Fifth, Eighth, and Fourteenth Amendments. [Doc. 4-1, p. 2]; *see, e.g.*, [Doc. 1, p. 1]. However, considering the pleading requirements of Rule 8 as discussed by *Twombly*, *Iqbal*, and their progeny, such fleeting references to those amendments are insufficient to state a claim. "The mere reference to . . . constitutional protections is not sufficient to state a constitutional claim." *McKissick v. Deal*, No. 5:14-CV-0072-MTT, 2014 WL 2170977, at *4 (M.D. Ga. May 23, 2014) (citing *Ashcroft*, 556 U.S. at 663).

---

[4] Additionally, the Court finds that the Movant Defendants, in their official capacity, cannot be held liable under the Eleventh Amendment because they are not "persons" within the meaning of § 1983. In *Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989), the United States Supreme Court held "that neither a State nor its officials acting in their official capacities are 'persons' under § 1983." "Obviously, state officials are literally persons," but "States and their officials no longer need to rely exclusively" on the Eleventh Amendment "to avoid liability in their official capacities" in § 1983 cases. *Carr v. City of Florence, Ala.*, 916 F.2d 1521, 1525 n.3 (11th Cir. 1990).

Despite the arguments presented in the Movant Defendants' dismissal efforts, Plaintiff chose to proceed with the substance of his Complaint as originally pled. *See* [Doc. 9]; [Doc. 12]. That said, to survive dismissal, there must only be "a reasonable expectation that discovery will reveal evidence" supporting a claim. *Twombly*, 550 U.S. at 556. Plaintiff's allegations, however, with respect to his § 1983 claims, do not rise to that level. He pleads nothing more than legal conclusions—that there has been "a clear violation of . . . [his] [Fifth], [Eighth], and [Fourteenth] Constitutional rights and Human rights." [Doc. 1, p. 1]. As discussed above, though, "'naked assertions' devoid of 'further factual enhancement'" will not survive against a motion to dismiss. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (cleaned up).

Therefore, because all Plaintiff does is simply reference the Fifth, Eighth, and Fourteenth Amendments, he fails to state cognizable § 1983 claims against the Movant Defendants. *Twombly*, 550 U.S. at 555. Accordingly, the Court **GRANTS** the Movant Defendants' Motion to Dismiss [Doc. 4], and it **DISMISSES** Plaintiff's § 1983 claims against them **without prejudice**.

### B.  Supplemental Jurisdiction

Having dismissed Plaintiff's § 1983 claims based on his "mere reference" to the Fifth, Eighth, and Fourteenth Amendments—that is, having dismissed the only claims that provided the Court with original subject-matter jurisdiction—the Court is not required to consider Plaintiff's claims for theft by conversion under state law. 28 U.S.C.

§ 1367(a); *McKissick*, 2014 WL 2170977, at *4. Federal courts may exercise supplemental jurisdiction over state law claims "in any civil action of which [they] have original jurisdiction." 28 U.S.C. § 1367(a). "[D]istrict courts may," however, "decline to exercise supplemental jurisdiction over a claim" if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). "[S]tate courts, not federal courts, should be the final arbiters of state law," and when a federal court "has dismissed all federal claims from a case, there is a very strong argument for dismissal, especially where the federal claims are dismissed prior to trial." *Ingram v. Sch. Bd. of Mia.-Dade Cnty.*, 167 F. App'x 107, 108 (11th Cir. 2006) (quoting *Baggett v. First Nat'l Bank of Gainesville*, 117 F.3d 1342, 1353 (11th Cir. 1997)). "[D]istrict courts may not exercise jurisdiction absent a statutory basis." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005).

Recognizing this hard-and-fast rule, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims for theft by conversion in accordance with the discretion afforded to it by § 1367(c)(3). The Court, therefore, **DISMISSES** Plaintiff's claims for theft by conversion against the Movant Defendants **without prejudice**. *See* O.C.G.A. §§ 16-8-4(a) and 51-10-1; [Doc. 4-1, p. 2]. If Plaintiff still wishes to pursue these claims against the Movant Defendants, he must refile them in the appropriate state court. *See Artis v. District of Columbia*, 583 U.S. 71, 77 (2018) ("If a district court declines to exercise jurisdiction over a claim asserted under § 1367(a) and the plaintiff wishes to

continue pursuing it, [he] must refile the claim in state court."); O.C.G.A. § 50-21-26.

## CONCLUSION

In conclusion, the Court **GRANTS** the Movant Defendants' Motion to Dismiss [Doc. 4]. Considering the Court's without-prejudice dismissal of Plaintiff's § 1983 claims against the Movant Defendants as well as its decision to not exercise its supplemental jurisdiction over his claims for theft by conversation against them, the Court **DIRECTS** the Clerk of Court to **TERMINATE** Defendants Anita Howard, Tony May, and Vanessa Flournoy as parties to this action. Once terminated, the record will show that Defendants Miller, Collins, Stratham, and Doe remain. However, as of the date of this Order, there is no indication that these individuals have been properly served and based on the filing date of Plaintiff's Complaint—June 30, 2025—the 90-day service period under Federal Rule of Civil Procedure 4(m) expires on Monday, September 29, 2025. *See* [Doc. 11, p. 1 (noting Proof of Service returned "unexecuted" for Defendant Miller)]; [Doc. 1, p. 1]; *see also* Fed. R. Civ. P. 6(a)(1) & (d).

**SO ORDERED**, this 23rd day of September, 2025.

S/ *Tilman E. Self, III*
**TILMAN E. SELF, III**
**UNITED STATES DISTRICT JUDGE**