IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **TAVERN DOWNING, SR.,** *et al.,*<br><br>*Plaintiffs,*<br><br>v.<br><br>**ANITA HOWARD,** *et al.,*<br><br>*Defendants.* | **CIVIL ACTION NO.**<br>**5:25-cv-00277-TES** |

**OMNIBUS ORDER**

Following the Court's Order Denying Motion to Amend [Doc. 23], Plaintiff Tavern Downing, Sr., filed two motions: a Motion for Reconsideration [Doc. 24] pursuant to Federal Rules of Civil Procedure 59(e) and 60(b) and a Motion to Amend [Doc. 25] pursuant to Federal Rule of Civil Procedure 15(a)(2) and, alternatively, pursuant to Federal Rule of Civil Procedure 12(e). The Court discusses each motion below. Also, as a part of this Omnibus Order, the Court dismisses Plaintiff's claims against the defendants who have not been timely served pursuant to Federal Rule of Civil Procedure 4(m).

**MOTION FOR RECONSIDERATION**

A.   **Federal Rules of Civil Procedure 59(e) and 60(b)**

First, Rule 59(e) authorizes courts to alter or amend a judgment after its entry, and reconsideration is only proper if the movant can demonstrate that: (1) there has

been an intervening change in the law, (2) new evidence has been discovered that was not previously available to the parties at the time the original order was entered, or (3) reconsideration is necessary to correct a clear error of law or prevent manifest injustice. Fed. R. Civ. P. 59(e); *see also Bell v. Houston Cnty.*, No. 5:04-cv-390 (HL), 2007 WL 4146205, at *2 (M.D. Ga. Nov. 19, 2007). "Reconsideration of a prior order is an extraordinary remedy and should be employed sparingly." *Bell*, 2007 WL 4142605, at *2 (citing *Am. Assoc. of People with Disabilities v. Hood*, 278 F. Supp. 2d. 1337, 1339–40 (M.D. Fla. 2003)).

The decision whether to alter or amend a judgment pursuant to Rule 59(e) is "committed to the sound discretion of the district judge." *Mincey v. Head*, 206 F.3d 1106, 1137 (11th Cir. 2000) (citation omitted). "[A] motion for reconsideration does not provide an opportunity to simply reargue an issue the Court has once determined. Court opinions are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *Bell*, 2007 WL 4142605, at *2 (quoting *Hood*, 278 F. Supp. 2d at 1340). Under the plain language of Rule 59(e), reconsideration efforts must be filed no later than 28 days "after the entry of a *judgment*." Fed. R. Civ. P. 59(e) (emphasis added). Plaintiff's reconsideration efforts under Rule 59(e) fail because there has yet to be a judgment entered in this case, and his motion based on Rule 59(e) could be denied for that reason alone.

However, there is also Rule 60(b) which permits reconsideration of final

judgment and *orders*. *See* Fed. R. Civ. P. 60(b). Rule 60(b) permits a court to relieve a party from a final judgment, order, or proceeding for six reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not previously have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or misconduct by an opposing party; (4) a void judgment; (5) a judgment has been satisfied, released, discharged, reversed, or vacated or that would no longer be equitable to apply; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b)(1)–(6).

    **B.**    **Plaintiff's Motion for Reconsideration**

In considering Plaintiff's specific arguments, it's clear he seeks reconsideration to correct a clear error of law or prevent manifest injustice under Rule 59(e) (assuming Rule 59(e) was applicable) and for "any other reason that justifies relief" under Rule 60(b). *See* Fed. R. Civ. P. 60(b)(6).

The Court has reviewed the bases for Plaintiff's reconsideration efforts, and he's merely seeking to reargue issues the Court has already determined. *Bell*, 2007 WL 4142605, at *2. In a nutshell, Plaintiff argues that the Court "improperly created a heightened pleading standard" for his § 1983 claims. [Doc. 24, p. 3]. He also argues that the Court failed to liberally construe his pleadings as required by *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998), and that the Court erred in finding his factual allegations non-existent. [*Id.* at pp. 2–3]; *but see* [Doc. 23, p. 10 (citing *Hughes v. Lott*, 350

F.3d 1157, 1160 (11th Cir. 2003) (discussing the leniency afforded to Plaintiff because he is pro se)]. Despite Plaintiff's interpretation of the Court's previous Order, the Court did not deem his factual allegations non-existent. It did, however, rule that even accepting them as true, they weren't enough to plausibly state the claims he wanted to add into this case via his Proposed Second Amended Complaint [Doc. 20-1]. *See McCullough v. Finely*, 907 F.3d 1324, 1333 (11th Cir. 2018) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).

As for Plaintiff's proposed claim under *Monell v. Department of Social Services*, 436 U.S. 658 (1978), the Court has already ruled that plausibly alleging such a claim requires a plaintiff to show: "(1) that his constitutional rights were violated; (2) that the [county] had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation." [Doc. 23, p. 8 (quoting *Andre v. Clayton Cnty., Ga.*, 148 F.4th 1282, 1300 (11th Cir. 2025))]. Even giving Plaintiff the benefit of all doubt and assuming—in his favor—that his Proposed Second Amended Complaint plausibly alleged a violation of his own constitutional rights, he also had to (in accordance with binding Eleventh Circuit precedent) allege "that others ha[ve] suffered the same or similar constitutional violations." [*Id.* at pp. 8–9 (citing *Andre*, 148 F.4th at 1300)]; *see also Hoefling v. City of Mia.*, 811 F.3d 1271, 1280–81 (11th Cir. 2016)). He failed to put forth any allegations to even begin to put Bibb County on requisite notice of the nature of the policy or custom upon which he relies to support his

*Monell* claim. *See* [Doc. 23, pp. 7–8 (first quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007); and then citing *Bailey v. Reliance Tr. Co.*, No. 1:04-CV-0340-JOF, 2002 WL 8154440, at *3 (N.D. Ga. Mar. 8, 2005))]. Yes, the Supreme Court in *Erickson v. Pardus* held that allegations "need only give [a] defendant fair notice of what the . . . claim is and the ground upon which it rests," but Plaintiff's allegations, as the Court previously ruled, fell well short of that. 551 U.S. 89, 93 (2007); *see also* [Doc. 23, pp. 6–9]; [Doc. 24, p. 4].

Here, Plaintiff is seeking reconsideration to relitigate old matters and to reargue settled issues, and that is not a proper use of a motion for reconsideration. *See Smith v. Ocwen Fin.*, 488 F. App'x 426, 428 (11th Cir. 2012). He simply disagrees with the Court's previous Order and has merely filed his motion "as an opportunity to show the [C]ourt how it 'could have done it better.'" *Bryan v. Murphy*, 246 F. Supp. 2d 1256, 1259 (N.D. Ga. 2003) (quoting *Pres. Endangered Areas Cobb's Hist., Inc. v. U.S. Army Corps Engr's*, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995)). The Court's Order dated November 20, 2025, will stand as filed, and Plaintiff's Motion for Reconsideration is **DENIED**.

## MOTION TO AMEND

Plaintiff also, again, seeks leave to amend. However, this time, he offers even less than his previous effort to amend. *See, e.g.*, [Doc. 20-1]. In the motion before the Court, Plaintiff seeks leave to address any factual clarifications and an "opportunity" to clarify any "unclear, ambiguous, or insufficiently detailed" allegations, but that's all he puts

5

forth. [Doc. 25, p. 1]. As previously discussed, Plaintiff moves under Rule 15(a)(2) and, alternatively, under Rule 12(e) for a more definite statement. Rule 12(e) permits "[a] party [to] move for a more definite statement *of a pleading to which a responsive pleading is allowed* but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e) (emphasis added). Rule 12(e), however, is not applicable in this instance as it is an avenue <u>for an opposing party</u> to request a more definite statement. Plaintiff cannot use Rule 12(e) to "move" himself to produce a more definite statement. If Plaintiff wants to amend the contents of his operative pleading, he knows the proper procedural rule.

"The decision whether to grant leave to amend a complaint" under Rule 15(a)(2) "is within the sole discretion of the district court." *Laurie v. Ala. Ct. of Crim. Appeals*, 256 F.3d 1266, 1274 (11th Cir. 2001). "However, leave to amend is by no means automatic[,]" because the lenient, discretionary standard is limited by Rule 15's instruction that leave should be "freely give[n] . . . *when justice so requires*." *Layfield v. Bill Heard Chevrolet Co.*, 607 F.2d 1097, 1099 (5th Cir. 1979) (emphasis added).[1]

In his one-page motion, Plaintiff wholly fails to show how his operative pleading "could be amended." [Doc. 25, p. 1]; *United States ex rel Atkins v. McInteer*, 470 F.3d 1350,

---

[1] The decisions handed down prior to the close of business on September 30, 1981, by the United States Court of Appeals for the Fifth Circuit (the 'former Fifth' or the 'old Fifth') "shall be binding as precedent in the Eleventh Circuit" for the court of appeals, the district courts, and the bankruptcy courts. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981).

1362 (11th Cir. 2006) (quoting *Wisdom v. First Midwest Bank*, 167 F.3d 402, 209 (8th Cir. 1999)); *see* n.3, *infra*. In the Eleventh Circuit, "[a] plaintiff who moves for leave to amend a complaint 'must either attach a copy of the proposed amendment to the motion or set forth the substance thereof.'" *United States ex rel 84Partners, LLC v. Nuflo, Inc.*, 79 F.4th 1353, 1363 (11th Cir. 2023) (quoting *Atkins*, 470 F.3d at 1361–62) (emphasis added).

Here, Plaintiff has not met either of those requirements. He provides no context for how he would amend his operative pleading in this case. *See generally* [Doc. 25]. Without any context, the Court has no way of determining whether "justice so requires" with respect to this latest attempted amendment. Fed. R. Civ. P. 15(a)(2). Accordingly, the Court **DENIES** Plaintiff's Motion to Amend.[2]

## **FAILURE TO TIMELY SERVE CERTAIN DEFENDANTS**

As Plaintiff is certainly aware, his deadline to serve Defendants Paige Miller, Deborah Stratham, and John Doe—the only defendants remaining in this case—expired on December 1, 2025. [Doc. 23, p. 27]. Federal Rule of Civil Procedure 4(m) requires the Court dismiss a case "[i]f a defendant is not served within 90 days after [a] complaint is

---

[2] A district court can also deny leave to amend if it concludes there was "undue delay," if allowing the amendment would cause "undue prejudice to the opposing party," or if the amendment would be futile. *Rose v. Sec'y of State of the State of Ga.*, No. 25-11233, 2025 WL 3281848, at *2 (11th Cir. Nov. 25, 2025); *Foman v. Davis*, 371 U.S. 178, 182 (1962) (holding that undue delay is sufficient basis for a denial of leave to amend). Given the procedural history of *this* case, Plaintiff's latest effort to amend undoubtedly exhibits undue delay since his deadline to serve certain defendants expired on December 1, 2025. [Doc. 23, pp. 3–4, 27]. Plaintiff has had ample opportunity—including this most recent "effort" to amend—to state plausible claims against his defendants. With respect to the defendant who has been served, as the Court discusses below, Plaintiff has an operative pleading against her, *see* n.3, *infra*, and the Court will address his claims against this defendant when the time comes.

filed." Fed. R. Civ. P. 4(m). In relevant part, Rule 4(m) states: "If a defendant is not served within 90 days after the complaint is filed," the Court, either "on motion or on its own after notice to the plaintiff—<u>must</u> dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m) (emphasis added).

In this case, the Court extended Rule 4(m)'s 90-day period to December 1, 2025. [Doc. 17, p. 2]. Since it appears Plaintiff served Statham on November 14, 2025, he may proceed on the claims alleged against her in the First Amended Complaint [Doc. 15].[3] *See, e.g.*, [Doc. 26, p. 1]. However, the period imposed by Rule 4(m) does not "restart" by filing an amended complaint except as to any *new* defendants who are added by virtue of the amended complaint. *Bolden v. City of Topeka*, 441 F.3d 1129, 1148 (10th Cir. 2006); *see Lindley v. City of Birmingham*, 452 F. App'x 878, 880 (11th Cir. 2011); *see also Downing v. Thompson*, No. 5:23-cv-00501-TES, 2024 WL 3700199, at *4 (M.D. Ga. Aug. 7, 2024) (citing *Castillo v. Vance*, No. 20-81139-CIV, 2020 WL 13379380, at *2 n.1 (S.D. Fla. Oct. 5, 2020)). This construction of Rule 4(m) prevents a plaintiff from repeatedly filing amended complaints to "extend the time for service indefinitely." *Bolden*, 441 F.3d at 1148 (citing *Del Raine v. Carlson*, 826 F.2d 698, 705 (7th Cir. 1987)). Thus, pursuant to Rule 4(m), the Court **DISMISSES** Plaintiff's claims against Paige Miller **without**

---

[3] Plaintiff's First Amended Complaint is the operative pleading in this case.

8

**prejudice** for failure to properly serve her within the time allowed. [Doc. 2-1 (Miller)]; *see* Fed. R. Civ. P. 4(e).

With regards to Doe, Plaintiff's claims against him are also subject to dismissal under Rule 4(m). "As a general matter, fictitious-party pleading is not permitted in federal court." *Robinson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010) (citation omitted). The Eleventh Circuit has "created a limited exception to this rule when [a] plaintiff's description of [a Doe] defendant is so specific as to be 'at the very worst, surplusage.'" *Id.* (quoting *Dean v. Barber*, 951 F.2d 1210, 1215–16 (11th Cir. 1992)).

When describing his defendants in the First Amended Complaint, Plaintiff alleges that Doe "is an individual whose identity is presently unknown but who acted jointly with . . . Stratham in the wrongful acts alleged herein." [Doc. 15, p. 2]. In his Proposed Second Amended Complaint, which the Court did not permit, *see generally* [Doc. 23], Plaintiff alleges that Doe "is an unidentified employee of the Bibb County District Attorney's Office who, upon information and belief, took physical possession of Plaintiff's property and acted as the **principal actor** in the theft and concealment of Plaintiff's digital cryptocurrency wallet." [Doc. 20-1, p. 3 (emphasis supplied)].

Plaintiff's descriptions—some "unidentified individual" or "unidentified employee"—are not nearly specific enough to maintain an action against Doe. *Robinson*, 598 F.3d at 738 (quoting *Dean*, 951 F.2d at 1215–16). Since Plaintiff failed to serve John Doe within the time permitted, the Court **DISMISSES** Plaintiff's claims against him

9

**without prejudice** pursuant to Rule 4(m).

## CONCLUSION

Consistent with the reasons more fully discussed above, the Court **DENIES** Plaintiff's Motion for Reconsideration [Doc. 24], **DENIES** his Motion to Amend [Doc. 25], and **DISMISSES** his claims against Paige Miller and John Doe pursuant to Rule 4(m) **without prejudice** for failure to timely serve. The Court **DIRECTS** the Clerk of Court to **TERMINATE** Paige Miller and John Doe as parties to this case.

**SO ORDERED**, this 3rd day of December, 2025.

S/ Tilman E. Self, III
**TILMAN E. SELF, III**
**UNITED STATES DISTRICT JUDGE**
