IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **TAVERN DOWNING, SR.,** *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> **ANITA HOWARD,** *et al.*, <br><br> *Defendants.* | **CIVIL ACTION NO.** <br> **5:25-cv-00277-TES** |

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

Out of seven, the sole remaining defendant in this case, Deborah Stratham, has filed a Motion to Dismiss [Doc. 30] seeking dismissal of the claims Plaintiff Tavern Downing, Sr., asserts against her in her individual capacity. [Doc. 15, ¶ 4]. Plaintiff, via two filings, has responded to Stratham's Motion. [Doc. 34]; [Doc. 35]. For the reasons stated in her Motion to Dismiss and for those discussed below by the Court, her Motion is **GRANTED**.[1]

**BACKGROUND**

The goings-on of this case—based on Plaintiff's original Complaint [Doc. 1]—are more fully presented in one of the Court's previous orders. *See* [Doc. 13, pp. 2–4].

---

[1] Under its Local Rules, the Court has the discretion to remove certain motions from the regular 21:14 day briefing schedule. *See* LRs 7.1, 7.2, 7.3, MDGa. Since "the relative legal positions" surrounding Stratham's dismissal efforts "are clearly determine[able] from the record before it," the Court issues this order without Stratham filing a reply brief. *See* LRs 7.3, 7.7, MDGa.

Should you need even more of what's transpired in this case, more facts—based on Plaintiff's Proposed Second Amended Complaint [Doc. 20-1]—can be found in the Court's Order Denying Plaintiff's Motion to Amend [Doc. 23]. *See generally* [Doc. 23]. If you can't tell, there have been multiple pleadings in this case and several attempts to amend them.

**First**, there was Plaintiff's original Complaint filed on June 30, 2025. [Doc. 1]. Then, just to correct the spelling of a defendant's name, Plaintiff filed an "amended complaint" on September 15, 2025, but the Court construed it as a simple Motion to Correct Misnomer [Doc. 9] since there weren't any substantive changes to the Complaint's factual allegations. [Doc. 9, p. 2]. By construing this filing as a Motion to Correct Misnomer, it really can't—unlike others—be considered a "true" effort to amend a pleading in this case. *See* [Doc. 12, p. 1]. **Second**, after the Court dismissed three of the defendants from this case, Plaintiff filed his First Amended Complaint [Doc. 15] on September 29, 2025. At this point, there weren't really any procedural implications of concern since the four remaining (at that time) defendants named in the First Amended Complaint hadn't been served yet. *See* Fed. R. Civ. P. 15(a)(1)(A). With the First Amended Complaint dropping one of the defendants, the Court issued an order reflecting just that. *See* [Doc. 17, p. 1 n.1]. This, of course, left only three defendants. **Third**, on November 5, 2025, Plaintiff sought leave to file his Proposed Second Amended Complaint [Doc. 20-1]. *See* [Doc. 20]. In a rather lengthy order, the

2

Court denied leave. *See generally* [Doc. 23]. **Fourth**, in seeking reconsideration of that order on December 1, 2025, Plaintiff wedged in another effort to amend the First Amended Complaint through a Federal Rule of Civil Procedure that did not apply—Rule 12(e). [Doc. 27, pp. 5–7].

If you've read the Court's previous orders, you'll know that December 1, 2025, was the absolute deadline by which Plaintiff had to serve the three remaining defendants. Since Plaintiff only filed service paperwork with respect to one of them, Stratham, the Court dismissed his claims against the other two defendants pursuant to Federal Rule of Civil Procedure 4(m). [*Id.* at pp. 7–10]. So, as stated at the outset of this Order, only Stratham is left, and she has moved to dismiss "each and every claim" filed against her in the First Amended Complaint. [Doc. 30, p. 1].

In her dismissal motion, Stratham points out that the contents of the operative pleading, the First Amended Complaint, "contain[] few factual allegations" beyond Plaintiff's conclusory assertion that she and two of the most recently dismissed defendants "conspired to seize and steal Plaintiff's property, specifically 600 bitcoins." [*Id.* at p. 2]; [Doc. 15, p. 2]; *see also* [Doc. 27, p. 8 n.3 (the Court's notation that "Plaintiff's First Amended Complaint is the operative pleading in this case"). As Stratham puts it, the First Amended Complaint "resulted in fewer factual allegations" than any other pleading. [Doc. 30, p. 2]. To no one's surprise, Plaintiff, due to Stratham's argument, filed another effort—a *fifth* effort—to amend the operative pleading. *See* [Doc. 28]. The

3

Court will, of course, address Plaintiff's request, but first, let's see how Stratham's dismissal motion, based on the First Amended Complaint and Federal Rule of Civil Procedure 12(b)(6), shakes out.

## MOTION TO DISMISS

The applicable legal standard through which courts review a motion brought pursuant to Rule 12(b)(6) is fully presented in the Court's Order [Doc. 13] filed on September 23, 2025. [Doc. 13, pp. 5–8]. With that standard in mind, along with relevant guidance from the Eleventh Circuit on how to assess pleadings at this stage, *see McCullough v. Finley*, 907 F.3d 1324, 1333 (11th Cir. 2018) (citing *Ashcroft v. Iqbal*, 556 U.S. 678–79 (2009)), Stratham argues that the "sparse amount of factual allegations contained in the [First] Amended Complaint is insufficient to state a claim against [her] that is plausible on its face." [Doc. 30, p. 4]; *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Court agrees. "[C]onclusions or a formulaic recitation of the elements of a cause of action" will not do. *McCullough*, 907 F.3d at 1333 (quoting *Twombly*, 550 U.S. at 555). And, Plaintiff knows as much since he sought leave to, yet again, amend his complaint—an issue that the Court discusses below. *See generally* [Doc. 28]; [Doc. 28-1].

While Plaintiff's latest attempt to try and cure his pleading deficiencies arguably amounts to somewhat of a pretty clear concession that his First Amended Complaint fails to state plausible claims against Stratham, the Court still addresses his *current* claims through a Rule 12(b)(6) lens. As for two statements that must be taken as true,

4

Plaintiff claims that one or multiple defendants made a representation to him that the district attorney's office "was checking the property out of the property room for judicial purposes." [Doc. 15, ¶ 8]. But, Plaintiff fails to state *who* made this alleged representation, leaving it to Stratham to grapple with whether this allegation pertains to her, and that's not her job. *See Twombly*, 550 U.S. at 555; *Bailey v. Reliance Tr. Co.*, No. 1:04-CV-0340-JOF, 2002 WL 8154440, at *3 (N.D. Ga. Mar. 8, 2005) ("[T]he purpose of a pleading is to give the adverse party a fair notice of the claim, so that the adverse party can prepare an answer and an adequate defense."). Next, Plaintiff claims that one or multiple defendants "signed the property out under color of law[] but failed to list any responsible custodian in the chain of custody, concealing their theft." [Doc. 15, ¶ 9]. Again, though, Plaintiff fails to identify *who* signed out the property, underscoring the lack of plausibility for his claims. In sum, all Plaintiff alleges is that Stratham, along with two co-defendants named in the First Amended Complaint, "acted knowingly, intentionally, and with reckless disregard for [his] constitutional rights." [*Id.* at ¶ 13].

In Count I, Plaintiff claims that "on or about January 15, 2025,"[2] Stratham and these two co-defendants "unreasonably seized Plaintiff's property without lawful

---

[2] Notwithstanding Plaintiff's previous iterations in not only this case (but others, too) that the alleged seizure of his property occurred on February 15, 2019—clearly presenting a hard-and-fast application of the relevant statute of limitations, O.C.G.A. § 9-3-33—he states in his First Amended Complaint that the alleged seizure occurred "on or about" January 15, 2025. [Doc. 20-1, ¶ 12 (stating that allegations occurred "[o]n February 15, 2019")]; *see, e.g.*, Amended Complaint, *Downing v. Thompson*, 5:23-cv-00501-TES (M.D. Ga. Dec. 14, 2023), Dkt. No. 1, at pp. 2–4 (same); Complaint, *Downing v. Thompson*, 5:24-cv-00277-TES (M.D. Ga. Aug. 14, 2024), Dkt No. 1, at pp. 1–4 (same)]; *see also* [Doc. 23, p. 20 n. 10 (discussing judicial notice)].

5

authority, violating the Fourth Amendment." [*Id.* at ¶¶ 14–15]. In Count II, Plaintiff asserts that on that same date, Stratham and those same co-defendants "deprived [him] of [his] property without notice, [a] hearing, or lawful process" in violation of the Fifth and Fourteenth Amendments. [*Id.* at ¶¶ 16–17]. Then, in Count III, Plaintiff asserts that Stratham and her two co-defendants, "acting jointly and in agreement, conspired under color of law to deprive [him] of his constitutional rights." [*Id.* at ¶¶ 18–19].

Accepting Plaintiff's allegation as true with respect to *when* these alleged violations took place, all that remains (other than the two identity-lacking allegations discussed above) are textbook conclusory, the-defendant-unlawfully-harmed-me accusations. *McCullough*, 907 F.3d at 1333 (quoting *Iqbal*, 556 U.S. at 679); *cf. Seiger ex rel Seiger v. Phillip*, 735 F. App'x 635, 638 (11th Cir. 2018) (holding it was an abuse of discretion for a district court to reject allegations in a subsequent complaint that were contradicted by an earlier pleading); *see, e.g.*, [Doc. 15, ¶¶ 9–13]. As such, they are not enough to raise a right to relief under 42 U.S.C. § 1983 "above the speculative level." *McCullough*, 907 F.3d at 1335 (quoting *Twombly*, 550 U.S. at 555). A complaint *must* contain enough factual allegations to "allow . . . [c]ourt[s] to draw the reasonable inference that [a] defendant is liable for the misconduct alleged." *Id.* (quoting *Iqbal*, 556 U.S. at 679). On the whole, Plaintiff's allegations with respect to Counts I, II, and III from the First Amended Complaint do not provide enough for the Court to make that reasonable inference. [Doc. 15, ¶¶ 8–19]. Accordingly, the Court **GRANTS** Stratham's

6

Motion to Dismiss and **DISMISSES** Plaintiff's § 1983 claims asserted against her in the First Amended Complaint **with prejudice**. [*Id.* at ¶¶ 14–19].

## MOTION TO AMEND

Six rounds of "trial-and-error pleading practices" later, Plaintiff has filed a New Proposed Second Amended Complaint [Doc. 28-1] on December 4, 2025, for the Court's review. *See generally* [Doc. 28-1]. In it, he asserts the same § 1983-based claims against Stratham, and he also seeks to add Bibb County (again) as a defendant under *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

### A.   **Federal Rule of Civil Procedure 15**

Federal Rule of Civil Procedure 15 provides that district courts "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "But [a] court's discretion to deny leave is not unfettered." *Seiger*, 735 F. App'x at 638. Rather, the Eleventh Circuit directs district courts to "consider factors such as 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of amendment.'" *Id.* (quoting *Equity Lifestyle Properties, Inc. v. Fla. Mowing And Landscape Serv., Inc.*, 556 F.3d 1232, 1241 (11th Cir. 2009)). The presence of each of these factors is, in this Court's opinion, incontrovertible.

Throughout this case Plaintiff has, rather transparently, engaged in a clear pattern of willful delay. Instead of prosecuting this case within the spirit of the Federal

Rules of Civil Procedure, Plaintiff has prolonged the life of this case by "kicking the can down the road" at every possible turn. *See* Fed. R. Civ. P. 1 (The Federal Rules of Civil Procedure "should be construed, administered, and employed by the [C]ourt *and the parties* to secure the just, speedy, and inexpensive determination of every action and proceeding.") (emphasis added). The Court will not allow this pattern of abuse on the judiciary to continue. Plaintiff's exhibition of bad faith is evidenced by his repeated failure to cure deficiencies within his pleadings until one of the served parties or the Court pointed them out to him one by one. *See* [Doc. 23, pp. 12–13]. Even if Plaintiff had viable claims within his New Proposed Second Amended Complaint, it's highly unlikely the Court would permit the amendment given the clear prejudice that would befall Stratham. Why not Bibb County? Well, Bibb County has never been a named defendant or party in the case, so there really wouldn't be any prejudice to it. There is, however, the futility route, and it *does* apply to both Strathman and Bibb County.

So, notwithstanding the "procedural mess" this case has become, the Court will, as an alternative ruling, address the contents of Plaintiff's most recent Motion for Leave to Amend, *see* [Doc. 28], rather than base denial exclusively on the "undue delay," "repeated failure to cure," or "undue prejudice" routes. *Equity Lifestyle Properties*, 556 F.3d at 1241; *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) (holding that undue delay is sufficient basis for a denial of leave to amend); [Doc. 23, p. 11]; [Doc. 27, p. 7 n.2 (discussing undue delay)].

### B.  <u>Claims Against Stratham</u>

As the Court has already ruled, Plaintiff "can't use § 1983 as a remedy to recover his supposed 600 bitcoins." [Doc. 23, p. 23]. Still though, over and over Plaintiff is relentless in his arguments about "adequate process" and that "adequate process" was not given to him when it came to the alleged loss of his property. [Doc. 34, pp. 9–11]. That doesn't mean one isn't available, though. As Plaintiff also argues, "[t]he Eleventh Circuit holds that refusal to provide a process for return of seized property violated due process" "when [the] [S]tate *provides no adequate procedure*[.]" [*Id.* at p. 9 (emphasis added) (citing *Lindsey v. Storey*, 936 F.2d 554, 561 (11th Cir. 1991))]. That's correct.

In his Response [Doc. 34], however, Plaintiff cites to *Horton v. Board of County Commissioners of Flagler County* for the proposition that "state remedies do not defeat claims based on established state procedures or intentional acts by state officials." [*Id.* at p. 11 (citing 202 F.3d 1297, 1300–01 (11th Cir. 2000))]. That's not correct. Plaintiff misreads *Horton*. *Horton* stands for the clear proposition that federal courts "*can* and do," "because of supplemental jurisdiction under 28 U.S.C. § 1367(a)," "adjudicate state law claims." 202 F.3d at 1300 (emphasis added). The state law claims discussed in *Horton*, however, were removed to a federal district court, and the Eleventh Circuit *suggested* that the district court "should have reached a decision" on them "because of" § 1376(a). *Id.* at 1302. As discussed below, though, there is no state law claim asserted in either the First Amended Complaint or Plaintiff's New Proposed Second Amended

9

Complaint. *See generally* [Doc. 15]; [Doc. 28-1]. In short, *Horton* doesn't operate the way Plaintiff thinks it does.

Moreover, the Eleventh Circuit has confirmed, in post-*Horton* cases, that *Horton* squarely speaks to *the absence of* a procedural due process violation when state courts fail to "'generally . . . provide an adequate remedy for the procedural deprivation the federal court plaintiff claims to have suffered.'" *Ficken v. City of Dunedin, Fla.*, No. 21-11773, 2022 WL 2734429, at *3 (11th Cir. July 14, 2022) (quoting *Horton*, 202 F.3d at 1300); *see also Randel v. Rabun Cnty. Sch. Dist.*, No. 21-12760, 2022 WL 1195655, at *2 (Apr. 22, 2022). So, *Horton* stands for the exact opposite of what Plaintiff's says it does. Georgia courts, for this issue, undeniably supply an adequate remedy, and Plaintiff's refusal to use it doesn't alter the outcome here. *See Kessler v. City of Key West*, No. 21-11069, 2022 WL 590892, at *3 (11th Cir. Feb. 28, 2022) (discussing that the "viability" of a plaintiff's claim "does not turn on whether [he] presented the claim to the state courts").

Even taking Plaintiff's allegations as true, the law simply doesn't allow for a "procedural due process violation . . . '[*since*] a meaningful [post-deprivation] remedy is available for the loss.'" *Lindsey*, 936 F.2d at 561 (quoting *Hudson v. Palmer*, 468 U.S. 571, 533 (1984)). Under Georgia law, "[t]he owner of personalty is entitled to its possession," and "[a]ny deprivation of such possession is a tort for which an action lies." O.C.G.A. § 51-10-1. The existence of § 51-10-1 supplies the avenue for Plaintiff to recover the alleged loss of 600 bitcoins worth approximately $57,000,000. *See* [Doc. 23, p. 2 n.1]. So

10

again, Plaintiff's attempt to use § 1983 to recover his allegedly stolen bitcoins is rendered futile by § 51-10-1 of the Georgia Code, and the Court **DENIES** leave to amend with respect to Stratham. *See Silberman v. Mia.-Dade Transit*, 927 F.3d 1123, 1133 (11th Cir. 2019) (discussing denial based on futility of amendment).

With respect to state law causes of action, Plaintiff does not, in his First Amended Complaint or his New Proposed Second Amended Complaint, assert one against Stratham. [Doc. 15, ¶¶ 14–19]; *but see* [Doc. 23, p. 24], *in connection with* [Doc. 1, p. 2]. Had he, his lack of allegations concerning citizenship spell additional problems for him.[3] In his latest effort to amend, Plaintiff fails to allege his citizenship for purposes of 28 U.S.C. § 1332(a)(1) to support diversity jurisdiction. *See generally* [Doc. 28-1]. In at least one filing, however, Plaintiff has made allegations lending to his citizenship as being "Bibb County, Georgia," and in others, including the First Amended Complaint and his signature blocks, he indicates he's currently in Winter Haven, Florida. [Doc. 20-1, ¶ 4]; *see also* [Doc. 15, ¶ 4]; [Doc. 28-1, p. 5]. Certainly, though, residency alone does not equate to citizenship. *See McCormick v. Aderholt*, 293 F.3d 1254, 1257–58 (11th Cir. 2002). "Citizenship is equivalent to 'domicile' for purposes of diversity jurisdiction," and domicile is "the place of '[a person's] true, fixed, and permanent home and

---

[3] To the extent the Court should have considered Plaintiff's state law claims pressed against certain defendants at the outset of this case under diversity jurisdiction, once it dismissed the federal claims against them, the contents of his original Complaint put forth absolutely no effort to sufficiently plead the citizenship of any named defendant. *See* [Doc. 1, p. 2]; [Doc. 13, pp. 13–15]; *see also* n.4, *infra*.

principal establishment . . . to which he has the intention of returning whenever he is absent therefrom[.]'" *Id.* (quoting Mas v. Perry, 489 F.2d 1396, 1399 (5th Cir. 1974), *cert. denied*, 419 U.S. 842 (1974)). In any event, Plaintiff's allegations on the topic are far from adequately pled.

Candidly, Plaintiff may have sufficiently pled citizenship in one pleading for *himself*, but he failed to sufficiently plead citizenship with respect to one or some of his defendants in another. There is not one pleading on this record where the citizenship of all parties is adequately or sufficiently set forth in one document. *See, e.g.*, [Doc. 1, p. 1]; [Doc. 8, p. 2]; [Doc. 15, ¶¶ 1–7]; [Doc. 20-1, ¶¶ 4–11]; [Doc. 25, p. 1]; [Doc. 28-1, p. 1]. Had Plaintiff asserted a state law cause of action against Stratham in his New Proposed Second Amended Complaint, he would have been required to "allege the citizenship of each party," and he failed to do so. *Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1268 (11th Cir. 2013); *see generally* [Doc. 28-1]. This repeated failure would also subject Plaintiff's state law claim, had one been asserted, to dismissal.[4]

With no claim pending against Statham via either the First Amended Complaint or the New Proposed Second Amended Complaint, she may be **TERMINATED** as a party to this case. This, of course, leaves only Plaintiff's second effort to state a claim against Bibb County in his New Proposed Second Amended Complaint, but that effort

---

[4] "Without such allegations, district courts are constitutionally obligated to dismiss the action altogether if the plaintiff does not cure the deficiency." *Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1268 (11th Cir. 2013) (citing *Stanley v. C.I.A.*, 639 F.2d 1146, 1159 (5th Cir. Unit B Mar. 1981)).

is futile as a matter of law.

      **C.**      <u>**Claims Against Bibb County Under** *Monell*</u>

Plaintiff's second effort to bring Bibb County into this case via his New Proposed Second Amended Complaint fails. [Doc. 28-1, pp. 1, 3–4]. Plaintiff alleges that Stratham is "a county employee" "tasked with intake, storage, and release of all property in the [Bibb County] Sheriff's custody." [*Id.* at p. 1]. However, as the Court has already told Plaintiff in a previous order from this case, "a county sheriff is independent of and not answerable to the governing authorities of the respective geographical county that sheriff serves." [Doc. 23, p. 10 n.2 (citing *Grech v. Clayton Cnty.*, 335 F.3d 1326, 1336 (11th Cir. 2003))]. As such, Plaintiff makes no allegation against Bibb County regarding acts for which *the county* is responsible. *See Grech*, 335 F.3d at 1336–37. Put as simply as the Court can put it, Bibb County has no control over the Bibb County Sheriff or the practices he uses for his employees to follow. *See Edwards v. Jackson*, No. 25-0246-KD-MU, 2025 WL 3466614, at *5 (S.D. Ala. Oct. 7, 2025).

When it comes to liability in the context of this case, Georgia's courts "speak with unanimity." *Grech*, 335 F.3d at 1337. A "county cannot be held liable for the tortious actions of the sheriff or his [employees] in performing their . . . activities." *Wayne Cnty. Bd. of Comm'rs v. Warren*, 223 S.E.2d 133, 134 (Ga. 1976) ("[A] county has no liability in connection with the violations of the civil rights of any person by a county officer."). Therefore, Plaintiff's latest effort to sew a *Monell* claim into this case against Bibb

County is futile and must be **DENIED** as such. *See Silberman*, 927 F.3d at 1133 (discussing denial based on futility of amendment).

## CONCLUSION

Consistent with the foregoing, the Court **GRANTS** Stratham's Motion to Dismiss and **DISMISSES** Plaintiff's claims against her **with prejudice**. Then, with respect to Plaintiff's Motion for Leave to Amend, the Court **DENIES** it **AS FUTILE**.

There being no remaining parties in this case, the Court **DIRECTS** the Clerk of Court to **ENTER** Judgment accordingly and **CLOSE** it.

**SO ORDERED**, this 16th day of December, 2025.

*S/ Tilman E. Self, III*
**TILMAN E. SELF, III**
**UNITED STATES DISTRICT JUDGE**